# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22963-CIV-LENARD/O'SULLIVAN

**MKT REPS S.A. DE C.V.,**

     Plaintiff,

v.

**STANDARD CHARTERED BANK INTERNATIONAL (AMERICAS) LIMITED,**

     Defendant.

_____/

**OMNIBUS ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR INVOLUNTARY DISMISSAL OF ACTION (D.E. 57), GRANTING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY (D.E. 58), GRANTING DEFENDANT'S MOTION TO STRIKE UN-TRANSLATED SPANISH-LANGUAGE TRIAL EXHIBITS (D.E. 59), AND DENYING PLAINTIFF'S CROSS-MOTION TO STRIKE ANSWER (D.E. 64)**

     **THIS CAUSE** is before the Court on various pre-trial motions filed by the Parties.

On October 25, 2011, Defendant Standard Chartered Bank International (Americas) Limited

filed its Emergency Motion for Involuntary Dismissal of Action ("Motion to Dismiss," D.E.

57).[1]  The next day, on October 26, 2011, Defendant filed its Motion in Limine to Exclude

Testimony By and Opinions of Undisclosed Expert Witnesses ("Motion to Exclude Experts,"

D.E. 58),[2] and its Motion to Strike Un-Translated Spanish-Language Exhibits in Plaintiff's

---

[1]     On October 31, 2011, Plaintiff filed its response in opposition to the Motion to Dismiss.  (See D.E. 61.)

[2]     On October 31, 2011, Plaintiff filed its response in opposition to the Motion to Exclude Experts.  (See D.E. 62.)

Trial Exhibits ("Motion to Strike," D.E. 59).[3]  On October 31, 2011, Plaintiff filed its Cross-Motion to Strike Defendant SCBI's Answer and Affirmative Defenses ("Cross-Motion to Strike," D.E. 64).[4]  Having considered the various motions, related pleadings, and the record, the Court finds as follows.

### I.    Background

On August 2, 2010, Plaintiff filed its Complaint in state court.  (Complaint, D.E. 1-2 at 5-14.)   In essence, Plaintiff, a Mexican company engaged in international tourism marketing, is suing Defendant, a bank, in connection with the unauthorized "freezing" of Plaintiff's bank accounts between March 2009 and October 2009.  Plaintiff alleges that this wrongful freezing of its accounts caused Plaintiff to breach agreements it had with third parties and resulted in penalties, fines, and the loss of goodwill.[5]

On August 17, 2010, Defendant removed the case to federal court.  (See Notice of Removal, D.E. 1.)  The next day, the Court issued an Order requiring the Parties to confer and file a joint scheduling form setting forth the Parties' proposed pre-trial deadlines and trial

---

[3]     On October 31, 2011, Plaintiff filed its response in opposition to the Motion to Strike.  (See D.E. 63.)

[4]     Defendant filed its omnibus response to Plaintiff's Cross-Motion to Strike and replies to its Motion to Dismiss, Motion to Exclude Experts, and Motion to Strike on November 4, 2011.  (See D.E. 66.)  On November 7, 2011, Plaintiff filed its reply in support of its Cross-Motion to Strike.  (See D.E. 67.)

[5]     Defendant filed its Answer to the Complaint on October 1, 2010.  (See D.E. 16.)  On November 8, 2010, the Magistrate Judge denied Plaintiff's motion to remand the case to state court.  (See D.E. 29.)  The Parties had consented to jurisdiction by a Magistrate Judge with regard to motions to remand.  (See D.E. 15.)  On February 28, 2011, Defendant filed an Amended Answer and Affirmative Defenses ("Answer," D.E. 38).

date.  (See D.E. 3.)

On October 20, 2010, the Court issued its Order adopting the joint scheduling report and form submitted by the Parties, thus adopting the pre-trial deadlines submitted by the Parties.  ("Trial Order," D.E. 18.)  The Trial Order, in part, set the following deadlines:

| By: | March 11, 2011 | The Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial. **Only those witnesses listed shall be permitted to testify**. |
| --- | --- | --- |
| By: | March 11, 2011 | Plaintiff/s must furnish an expert witness list to Defendant/s, along with the summaries or reports required by Local Rule 16.1(K).  **Only those expert witnesses shall be permitted to testify**. Within the fourteen-day period thereafter, Plaintiff/s shall make its experts available for deposition by Defendant/s. |
| By: | May 6, 2011 | All fact discovery must be completed. The Parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| By: | June 10, 2011 | All expert discovery must be completed. |
| By: | July 29, 2011 | All dispositive pretrial motions and memoranda of law must be filed, as well as any motions to exclude or limit proposed expert testimony. |
| By: | October 3, 2011 | The Joint Pretrial Stipulation shall be filed. |

(Id. at 2-3 (emphasis added).)  The Trial Order set trial in this matter for November 21, 2011, required a joint pre-trial stipulation to be filed by October 3, 2011, and required exhibit

3

notebooks, witness lists, trial exhibit lists, and a joint statement of the case to be filed five business days before the pre-trial conference scheduled for October 31, 2011. (Id. at 1-8.)

Sometime in March 2011, Plaintiff discussed with Defendant potentially seeking an extension of the fact witness list and expert disclosure deadlines. (See D.E. 57 at 5; D.E. 61 at 7.) Defendant agreed to such an extension. (Id.) Nevertheless, Plaintiff forgot and the motion seeking an extension was "inadvertently" never filed. (See D.E. 61 at 7.)

On June 21, 2011, Plaintiff filed a Joint Motion to Modify Scheduling Order. (See D.E. 45.) The motion vaguely states that:

> Discovery is to take longer than expected based on discovery that has to be taken from persons located in Mexico. The parties will have to wait for numerous documents to be produced from third parties in Mexico pursuant to subpoenas that will be issued in this litigation. Additionally, some fact witness depositions must be taken in this matter. Also, the parties' respective experts will benefit from additional time to adequately prepare their reports.

(D.E. 45 at 2.) As a result, the motion, inter alia, requested that the Trial Order be modified such that: fact witness disclosures and Plaintiff's expert witness disclosures be due by September 9, 2011; fact discovery be due by November 11, 2011; and expert discovery be due by December 9, 2011. In essence, the Parties sought to move all pre-trial deadlines back by six months. Many of the deadlines had already passed with complete silence from the Parties. Accordingly, on June 22, 2011, the Court issued an Order stating:

> The vast majority of the deadlines the Parties now seek to extend (dates which were jointly chosen by counsel), including both fact and expert discovery, have long since passed. (See D.E. 14, 18.) The Parties have not demonstrated good cause for resetting all the pre-trial deadlines in this case including trial and the deadline for filing dispositive motions by an additional six months at this

4

juncture. Accordingly, the Parties' [45] Joint Motion to Modify Scheduling Order is DENIED.

(D.E. 46.)  The litigation continued.

On October 11, 2011, approximately one month prior to trial and within weeks of the pre-trial conference, Plaintiff filed its unopposed Motion for Continuance of Trial.  (See D.E. 54.)  Therein, Plaintiff requested that trial be continued and stated:

> Due to family and travel obligations during this time, undersigned counsel respectfully moves for a continuance of the trial in this matter until after the holidays. The undersigned has elderly parents and has just learned of their availability and ability to vacation. Additionally, the undersigned has young children that have their vacation from school during this time.

(Id. at 1.)  On October 20, 2011, the Parties unsuccessfully attended settlement conference with Magistrate Judge William C. Turnoff.  (See D.E. 55.)  On October 21, 2011, the Court denied Plaintiff's motion for a continuance of trial.  (See D.E. 56.)

As a result, spurred by the realization that the trial date was now fast approaching, both Parties filed the various motions that are the subject of this Order.  As of the date of this Order, no exhibit notebooks, witness lists, trial exhibit lists, joint statement of the case, or joint pre-trial stipulation has ever been filed.  On October 31, 2011, the Parties appeared before the Court for pre-trial conference.

## II.     Discussion

### A.     Motion to Dismiss

In its Motion to Dismiss, Defendant seeks to dismiss Plaintiff's claims with prejudice

pursuant to Rules 41(b), 37(c), and 16(f) of the Federal Rules of Civil Procedure.[6]  Defendant seeks involuntary dismissal based upon Plaintiff's failure to: (1) furnish a list of fact witnesses it intends to call at trial; (2) furnish a list of expert witnesses it intends to call at trial; (3) provide any expert summaries or reports; and (4) provide English-language translations of the numerous Spanish-language exhibits it intends to introduce at trial. Defendant further cites to Plaintiff's failure to schedule any depositions or file any pre-trial motions as evidence of Plaintiff's failure to prosecute this action and disregard for the Court's scheduling deadlines.

In response, Plaintiff asserts that Defendant withheld the production of documents until nearly three weeks after the fact discovery deadline.  Plaintiff further complains that Defendant has itself never furnished a fact witness list and also did not schedule any depositions during the discovery period.  Furthermore, Plaintiff argues that its initial Rule 26 disclosures provided Defendant with sufficient notice of its potential trial witnesses. Moreover, Plaintiff suggests that its case would be ready had it not been so unfairly "prejudiced by the very limited amount of time allotted" and prejudiced by the denial of its "much needed modification of the scheduling order."  (D.E. 61 at 9, 15.)  According to Plaintiff, its failure to comply with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and this Court's Orders was due to inadvertence.

---

[6]	Under Rules 16(f) and 37(c), the Court may impose appropriate sanctions including "dismissing the action or proceeding in whole or in part" due to a failure to disclose witnesses or failure to comply with the Court's scheduling orders.

In reply, Defendant urges dismissal with prejudice is the proper remedy for Plainitff's lack of adherence to any scheduling deadlines in this case.  In support, Defendant states that Plaintiff failed to provide any fact witness list until October 5, 2011, has still not furnished any expert witness reports, has not translated its trial exhibits, and has demonstrated a lack of interest or involvement in prosecuting its case.  Defendant urges that no lesser sanction is appropriate because the exclusion of Plaintiff's fact witnesses, expert witnesses, and trial exhibits is required under the Court's Orders, the Local Rules, and the Federal Rules of Civil Procedure.

Rule 41(b) states that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Nevertheless, the Eleventh Circuit has cautioned that, "dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme cases." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Dismissal with prejudice is unwarranted unless "the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005)). "Mere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." Id. (citing McKelvey v. AT&T Techs., Inc., 789 F2d 1518, 1520 (11th Cir.

1986)).

The Court finds dismissal with prejudice is unwarranted in this case where Plaintiff's conduct much more closely resembles negligence and not willful misconduct. This case does not present the sort of extreme situation for which dismissal with prejudice is reserved. Plaintiff negligently failed to timely move for an extension of the various discovery and disclosure deadlines. When Plaintiff realized its mistake months after several of the deadlines had already passed, it failed to offer any good cause for modification or much of any justification for the delay. Rather, it is apparent that Plaintiff has failed to prosecute this case diligently or with any cognizance of the various deadlines imposed by the Court. Plaintiff has only come to the Court asking for assistance, if at all, after deadlines had already passed. These were deadlines the Parties themselves requested. Moreover, although Plaintiff complains of discovery abuses, it never filed any motions to compel discovery or otherwise brought any perceived abuses to the attention of the Court. Only weeks before trial, facing involuntary dismissal of its lawsuit, does Plaintiff complain of discovery problems. Nevertheless, the negligent or lackadaisical prosecution of its case does not warrant dismissal with prejudice. Lesser sanctions, including the exclusion of undisclosed witness testimony and the striking of improper trial exhibits, is more appropriate. This is especially the case here where there is only a clear record of incompetence, and not willful misconduct. Thus, Defendant's Motion to Dismiss is denied.

### B.        Motion to Exclude Experts

Defendant seeks to preclude Plaintiff from "using at trial or other proceedings in this matter the opinions of or testimony by any expert witness whose identity and expert report or summary were not furnished to SCBI." (Motion to Exclude Experts at 1.)  Pursuant to Rule 26(a) and the Court's Trial Order, Defendant seeks to preclude Plaintiff from presenting any expert testimony or opinions.   Based upon Plaintiff's draft pre-trial stipulation, Defendant believes Plaintiff may try to introduce the testimony or opinions of a damages expert, Cynthia Stephens, Ph.D. ("Stephens").  In response, Plaintiff complains of discovery abuses by Defendant and the Court's failure to grant it numerous extensions of time nunc pro tunc.  Plaintiff also argues that it identified Stephens as an expert as part of its June 10, 2011, response to Defendant's interrogatories. (See D.E. 62-1 at 6.)  In reply, Defendant complains that Plaintiff has still not made the required expert disclosures, including any expert witness report.  Moreover, Defendant urges that the disclosure of Stephens in Plaintiff's discovery response does not eviscerate the requirement to make the required expert disclosures under the Federal Rules of Civil Procedure or the Court's Trial Order.

The Court finds Plaintiff is precluded from presenting any expert testimony or opinions at trial.  Plaintiff was required to disclose any experts by March 11, 2011.  The Court's Trial Order explicitly warned that, "[o]nly those expert witnesses shall be permitted to testify."  Plaintiff failed to comply.  Furthermore, to the extent that Plaintiff's response to Defendant's interrogatories could be construed as an adequate disclosure, it came on June

10, 2011, or the last day of expert discovery. Defendant was not given the opportunity to

depose Stephens. As of the date of this Order, there is no indication that Plaintiff has even

provided an adequate expert summary or any expert report. Thus, Plaintiff is precluded from

presenting any expert evidence as result of its violation of Rule 26(a)(2)(D) and this Court's

Orders.

### C.  Motion to Strike

Next, Defendant seeks to strike all un-translated Spanish-language exhibits offered

by Plaintiff. Because Plaintiff "has failed to provide certified English-language translations

of the more than 1,650 pages of exhibits it intends to use or introduce into evidence at trial,"

Defendant seeks to strike any such documents. In response, Plaintiff argues that Defendant's

motion is premature and that it is preparing English-language translations of documents it

intends to use as trial exhibits.[7] The Court finds that Plaintiff is precluded from introducing

any Spanish-language trial exhibits without certified English-language translations.

See United States v. Rivera-Rosario, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002).

### D.  Cross-Motion to Strike

Finally, Plaintiff seeks to strike Defendant's Answer pursuant to Rules 12(f) and

37(b)(2)(A) of the Federal Rules of Civil Procedure. The basis for Plaintiff's motion is

Defendant's partaking in "minimal discovery," production of "few documents in response

---

[7]      This argument completely ignores the fact that the Court's Trial Order required the Parties to have already filed a joint pre-trial stipulation, exhibit notebooks, and trial exhibit lists weeks ago.

to Plaintiff's discovery requests after the discovery cutoff," and failure to depose Plaintiff's corporate representatives.  (Cross-Motion to Strike at 6.)  In sum, Plaintiff argues the Answer should be stricken because Defendant failed to cooperate in discovery and cannot support any of its affirmative defenses.  In response, Defendant argues its affirmative defenses are supported by facts and existing law.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Rule 10(b) requires that, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A motion to strike is governed by Rule 12(f), which provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Striking allegations from a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice," and only when the allegations to be stricken have "no possible relation to the controversy."  Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962)[8]; Jackson v. Grupo Industrial Hostelero, S.A., 2008 WL 4648999 (S.D. Fla. 2008).

The Court finds striking Defendant's Answer is unwarranted.  Defendant's affirmative

---

[8]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

11

defenses are not redundant, immaterial, impertinent, or scandalous in any way.  Moreover,
Plaintiff does not point to any violation of a specific discovery order in this case.  Plaintiff
also never filed any motion to compel discovery in light of the alleged abuses.  Additionally,
it appears Plaintiff itself was late in turning over discovery.  In essence, Plaintiff's Cross-
Motion to Strike is more akin to an absurdly late motion to compel or an untimely motion for
summary judgment.  Finally, Defendant's affirmative defenses are adequately stated, and
supported by exhibits attached to Plaintiff's own Complaint, for purposes of Rule 8.
Accordingly, consistent with this Order, it is hereby **ORDERED AND ADJUDGED** that:

1.  Defendant's Emergency Motion for Involuntary Dismissal of Action (D.E. 57),
    is **DENIED**;

2.  Defendant's Motion in Limine to Exclude Testimony By and Opinions of
    Undisclosed Expert Witnesses (D.E. 58) and Motion to Strike Un-Translated
    Spanish-Language Exhibits in Plaintiff's Trial Exhibits (D.E. 59), are
    **GRANTED**;

3.  Plaintiff's Cross-Motion to Strike Defendant SCBI's Answer and Affirmative
    Defenses (D.E. 64), is **DENIED**;

4.  Pursuant to the Parties' Joint Consent to Jurisdiction by a United States
    Magistrate Judge form (D.E. 15), and 28 U.S.C. § 636, this case is
    **REFERRED** to Magistrate Judge O'Sullivan for purposes of conducting trial
    and ruling upon any motions at trial;

5.      The Parties are instructed that they have until December 2, 2011, to file

witness lists, a joint pre-trial stipulation, exhibit notebooks, trial exhibit lists,

a joint statement of the case, and otherwise comply with the Court's Trial

Order (D.E. 18), the Local Rules, and the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of

November, 2011.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**