UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-22963-CIV-O'SULLIVAN
[CONSENT]

MKT REPS S.A. DE C.V.,

      Plaintiff,

v.

STANDARD CHARTERED BANK
INTERNATIONAL (AMERICAS)
LIMITED,

      Defendant.

_____/

## ORDER

THIS MATTER is before the Court on Count Three of the Defendant's Motion for Summary Judgment on Counts One, Two, and Three of Complaint and Incorporated Memorandum of Law (DE# 80, 3/30/12).  The Court previously ruled on Counts One and Two.  Having reviewed the motion, response, and reply, and having heard argument of counsel, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment on Counts One, Two, and Three of Complaint and Incorporated Memorandum of Law (DE# 80, 3/30/12) is GRANTED in part as to Count Three (Conversion).

## ANALYSIS

Under Florida law,[1] "'conversion is an unauthorized act which deprives another of

_____

[1]The parties stipulated to a Forum Selection/Choice of Law clause that provides that "[t]he Note shall be governed by the laws of the State of Florida, U.S.A.," and "that any action or proceeding arising or relating to this Note ... shall be tried by the courts of such state or the United States District Court sitting there."  See, Master Demand Note, Ex. A to the Complaint (DE# 1-2, 8/17/10).

his property permanently or for an indefinite time.'" Nat'l Union Fire Ins. Co. of Pa. V. Carib. Aviation, Inc., 759 F.2d 873, 878 (11th Cir. 1985)) (quoting Senfeld v. Bank of N.S. Trust Co. (Cayman) Ltd., 450 So. 2d 1157, 1160-61 (Fla. 3d DCA 1984)). A conversion claim cannot be based on a simple monetary debt.  See Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008).  To establish a conversion claim involving money, "'there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified.'"  Id. (quoting Futch v. Head, 511 so. 2d 314, 320 (Fla. 1st DCA 1987));  Allen v. Gordon, 429 So. 2d 369, 371 (Fla. 1st DCA 1983).  "[I]f the specific money in question can be identified," withdrawal of or the exercise of dominion over funds in a bank account may form the basis of a conversion claim.  Allen, 429 So. 2d at 371.

Florida courts hold that "[m]oney is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit ...."  Belford Trucking Co. v. Zagar, 243 So. 2d 646, 648 (Fla. 4th DCA 1970).  The plaintiff has failed to satisfy the requirement that the money that forms the basis of the conversion claim is specific and identifiable.  Belford Trucking governs this case.  In Belford Trucking, the Florida appellate court explained

> The requirement that the money be identified as a specific chattel does not permit as a subject of conversion an indebtedness which may be discharged by the payment of money.... [W]here the parties have an open account, and the defendant is not required to pay the plaintiff the identical moneys which he collected there can be no action in tort for conversion.... An action in tort is inappropriate where the basis of the suit is a contract ....

Belford Trucking, 243 So. 2d at 648 (internal citations omitted); see Capital Partners
Investment Co. v. American Investment Group, 500 so. 2d 249, 250 (Fla. 4th DCA
1987)(affirming trial court's holding that nonpayment of commissions did not constitute
conversion); see also, Schimmel v. Merrill Lynch Pierce Fenner & Smith, Inc., 464 so.
2d 602 (Fla. 3d DCA 1985) (finding "evidence ... prove[d], at most, only an action for
breach of contract, because all that it proves is that the plaintiff failed to honor its
contractual obligation to pay upon demand money owed on an open account"); and
Capital Bank v. G&J Investments Corp., 468 So. 2d 534, 535 (Fla. 3d DCA 1985)
(finding conversion action improper where plaintiff sought to enforce an oral agreement
that obligated bank to pay money generally).

The Court is not persuaded by In re Checking Account Overdraft Litigation, 694
F. Supp. 2d 1302, 1322 (S.D. Fla. 2010), which is factually distinguishable. First, the
case proceeded in multi-district litigation and applied the laws of various states without
specifically relying on Florida law.  Second, the case involved the bank's wrongful
debiting of funds from its customers' accounts for repayment of overdraft fees that
resulted from the bank's "manipulat[ion] of the posting order of debit transactions in bad
faith so as to maximize the number of overdraft fees incurred."  Id. at 1322.  There is no
discussion or analysis of the money being specific and identifiable.  In In re Checking
Account Overdraft Litigation, the court found that the conversion claim allegations were
sufficient to survive a motion to dismiss.

In the present action, the conversion claim is the subject of a motion for
summary judgment.  The plaintiff has failed to establish the necessary elements of its
cause of action for conversion because its claim is based on a simple monetary debt

that does not involve a specific deposit of money.  The plaintiff has also failed to show that the conversion claim is based on conduct distinct from the contractual obligations of the defendant.  Thus, the defendant is entitled to judgment in its favor on Count III (Conversion).

DONE AND ORDERED, in Chambers, at Miami, Florida, this **21st** day of May, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

4