UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-22963-CIV-O'SULLIVAN
[CONSENT]

MKT REPS S.A. DE C.V.,

      Plaintiff,

v.

STANDARD CHARTERED BANK
INTERNATIONAL (AMERICAS) LIMITED,

      Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on the defendant Standard Chartered Bank International (Americas) Limited's Motion for Attorneys' Fees and Costs (DE# 153, 11/15/2012). This matter was referred to the undersigned United States Magistrate Judge John O'Sullivan for final disposition by the Honorable Joan A. Lenard, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b). Having carefully considered the motion, the response and the reply thereto, the court file and the applicable law, the undersigned orders that the motion is **GRANTED IN PART** and **DENIED IN PART** as more fully described below.

## BACKGROUND[1]

On August 17, 2010, the plaintiff filed this action against the defendant for breach of contract, tortious interference with a business or contractual relationship, and conversion (DE# 1-2 at 5, 8/17/2012). The plaintiff claims that this matter emerged

---

[1] To maintain consistency, citations to the docket entries in this order will refer to the page numbers automatically assigned by the Court's CM/ECF system not the page numbers on the original documents.

from a dispute involving the freezing of plaintiff's bank account maintained by the defendant. Id. at 9. On May 7, 2012, and May 21, 2012, this Court dismissed with prejudice the plaintiff's claims for breach of contract and conversion, respectively. See Order (DE# 105, 5/07/2012); Order (DE# 109, 5/21/2012). On May 30, 2012, and May 31, 2012, this Court held a two-day bench trial on the plaintiff's remaining claim for tortious interference with a business or contractual relationship. Following trial, on July 20, 2012, this Court entered an Order and Judgment in the defendant's favor for tortious interference with a business or contractual relationship. See Order (DE# 135, 7/20/2012); Final Judgment (DE# 136, 7/20/2012).

As recognized by this Court, the account relationship between the parties was established and is governed by certain account documents that were admitted into evidence in this case: the Account Application and Agreement for Corporations or Other Organizations, and addendums thereto, ("Account Application"), the Rules and Regulations Governing Accounts ("Account Rules and Regulations"), and the Nondiscretionary Investment Services Agreement ("NISA") (collectively, the "Account Agreements"). Specifically, sections 43, 45, and 46 of Account Rules and Regulations entitle the defendant to an award of "all resulting costs and expenses . . . including without limitation any attorneys' fees (and attorneys' expenses) incurred at trial, on appeal or without litigation, [and] shall be reimbursed by Customer to SCBI upon its demand. . . ." (DE# 81-1 at 50, 3/30/2012); see Order (DE# 144, 10/01/2012). Pursuant to this agreement, on August 20, 2012, the defendant filed a Motion to Determine Entitlement to Attorneys' Fees and Costs (DE# 139, 8/20/2012).

This Court ultimately granted the defendant's Motion to Determine Entitlement to

Attorneys' Fees and Costs on October 1, 2012, (DE# 144 at 1, 10/01/2012).  In its

holding, the undersigned found that  "the subject attorney's fees clause is broad and

covers all claims" and further directed the defendant to file its motion for costs within 20

days.  Id.  Following this Court's granting of the defendant's requested extensions, on

November 15, 2012, the defendant filed its Motion for Attorneys' Fees and Costs (DE#

153, 11/15/2012).  The plaintiff filed a response on December 17, 2012, (DE# 156,

12/17/2012).  On January 10, 2013, the defendant filed a reply (DE# 156, 1/10/2013).

The undersigned has carefully considered the defendant's Bill of Costs (DE# 138,

08/20/2012); the defendant's Motion for Attorneys' Fees and Costs (DE# 153,

11/15/2012); the response (DE# 145, 10/16/2012); and the reply (DE# 150,

11/02/2012).

## ANALYSIS

### I. Costs

The defendant is seeking costs pursuant to both the applicable statute and the

applicable contract as follows.  That is, the defendant is seeking costs pursuant to Rule

54(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920 and the

aforementioned agreement between the parties (Account Rules and Regulations).

Rule 54(d), Fed. R. Civ. P.  provides that "costs other than attorneys' fees shall be

allowed as of course to the prevailing party unless the court otherwise directs."  Fed. R.

Civ. P. 54(d).  A "prevailing party," for purposes of the rule, is a party in whose favor

judgment is rendered.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.,

Inc., 298 F.3d 1238 (11th Cir. 2002); see also Santana v. Blue Ribbon Meats, Inc., No.

02-21089-CIV, 2003 U.S. Dist. LEXIS 25642, at *5 (S.D. Fla. July 3, 2003). This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded. Choctawhatchee, 298 F.3d at 1248. In the instant case, the defendant prevailed because the Court entered an Order and Judgment in the defendant's favor. See Order (DE# 135, 7/20/2012); Final Judgment (DE# 136, 7/20/2012). Accordingly, the defendant is entitled to an award of all costs recoverable under 28 U.S.C. § 1920 in addition to those costs recoverable pursuant to the agreement between the parties. The defendant submitted a Bill of Costs in the total amount of $9,020.22 (DE# 138 at 5, 8/20/2012).

In its response, the plaintiff argues that the defendant's Bill of Costs should be denied in its entirety or substantially reduced due to the plaintiff's financial hardship (DE# 145, 10/16/2012). The plaintiff claims that it experienced a significant degree of financial hardship as a result of the alleged freeze of its bank account, suffering an estimated $1,067,200.00 loss according to the plaintiff's expert report and testimony (DE# 145 at 2, 10/16/2012). As a preliminary matter, the undersigned finds that there is no justification to reduce a cost award based solely on the plaintiff's alleged inability to satisfy a judgment. See Mathews v. Crosby, 480 F.3d 1265, 1276-77 (11th Cir. 2007) (affirming an award of costs despite a claim of indigence because the district court had no "sound basis to overcome the strong presumption that a prevailing party is entitled to costs") (citing Chapman v. AI Transp., 229 F.3d 1012, 1023-24 (11th Cir. 2000). In the instant case, there is an insufficient showing of evidence for the undersigned to conclude that the plaintiff is unable to pay the award. The undersigned finds that the plaintiff has failed to identify all of their assets and liabilities in support of the plaintiff's

4

contention of hardship in paying.  In addition, the plaintiff challenges the adequacy of the evidentiary support for costs claimed by the defendant, including the costs for transcript fees, mediation, photocopy expenses, outside vendor copy charges (i.e. charges for binders, tabs, notebooks and labeling), compensation of rush translation of documents, in-house copy and printing charges, and computer research (DE# 145, 10/06/2012);(DE# 156, 12/17/2012).

In the defendant's Motion for Attorneys' Fees and Costs, the defendant seeks an award in the total sum of $44,721.79  for costs incurred in the defense against the plaintiff's claims in the lawsuit (DE# 153 at 12, 11/15/2012).  The defendant seeks both costs taxable under 28 U.S.C. § 1920 and costs pursuant to the Account Rules and Regulations for those costs not taxable under 28 U.S.C. § 1920 (DE# 139 at 4, 8/20/2012).

Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of
>
> interpreters, and salaries, fees, expenses, and costs of special
>
> interpretation services under §1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, trial courts are accorded great

latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs,

absent explicit statutory authorization, federal courts are limited to those costs

specifically enumerated in 28 U.S.C. § 1920. See U.S. E.E.O.C. v. W&O, Inc., 213 F.

3d 600 620 (11th Cir. 2000).  This Court is bound by the limits of 28 U.S.C. § 1920 in

awarding costs and fees to a prevailing party, absent contract or explicit statutory

authority to the contrary. Id.  In this matter, the undersigned finds that the defendant is

entitled to costs under 28 U.S.C. § 1920 and under the Account Rules and Regulations,

the defendant is entitled to recover costs beyond the scope of 28 U.S.C. § 1920

incurred in defense of the instant case.  The defendant is entitled to reasonable costs

under 28 U.S.C. § 1920 and the costs submitted pursuant to the applicable contract,

the Account Rules and Regulations.

    In accordance with the foregoing, the defendant shall receive the costs outlined

below.

    A. Mediation

    The defendant seeks mediation fees in this matter in the amount of $425.00.

The mediation expense is enumerated under the section titled "[o]ther costs" in the

defendant's Bill of Costs (DE# 138, 8/20/2012).  The plaintiff contends that such costs

are not recoverable (DE# 145, 10/16/2012).  While costs for mediation are not

recoverable under 28 U.S.C. § 1920, the defendant is entitled to recover the costs

associated with mediation in the amount of $425.00 pursuant to the Account Rules and Regulations.

B. Depositions

The defendant requests $4,431.12[2] for deposition transcript fees.  The plaintiff objects generally to the expenses requested by the defendant including "transcript fees," but fails to object to the use of a specific transcript fee submitted by the defendant (DE# 156, 12/17/2012).  Moreover, these costs are permitted under 28 U.S.C. § 1920(2) if the deposition transcripts were necessarily obtained for use in the case.  See EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2001) ("deposition costs [are] allowable where there is no evidence that the depositions were not related to an issue in the case when the depositions were taken").  The depositions were necessarily obtained for use in the case. The defendant is entitled to receive $4,431.12 for these costs under both 28 U.S.C.  § 1920 and the applicable contract.

C.  Compensation of Interpreters and Translation of Documents

The defendant seeks reimbursement in the amount of $2,765.00 for

_____

[2]The defendant's Bill of Costs reflects a sum of $4,431.12 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The defendant's itemized internal billing record reflects the following for such costs: (1) the deposition transcript of Cynthia Stephens, Ph.D taken on 2/24/2012 for $1,099.10; (2) court reporter fee for $308.55 from J.M. Court Reporting, Inc. billed on 5/22/2012; (3) cost for the trial transcript for $358.20 billed on 5/30/2012; (4) court reporter fee for the trial in the amount of $1,740.12 billed on 6/8/2012; and (5) cost for the original and one certified copy of Mr. Oliveros' deposition for $1,233.70 (DE# 153-1 at 12-14, 11/15/2012).  Pursuant to the Court's independent calculation of such costs listed in the defendant's itemized billing record, the sum of these deposition and transcript costs together with the court reporter fees equals $4,739.67.  Because the defendant asks for $4,431.12, an amount lower than the undersigned's calculations, $4,431.12 is the amount the Court will award.

compensation of interpreters.  This amount is comprised of three separate costs: $1,000.00 for translation and certification services from Spanish to English of the trial held on March 30 and 31, 2012; $1,270.00 for the rush translation and certification services from Spanish to English on March 31, 2012; and $495.00 for the translation of the deposition of Carlos Collado Oliveros from March 18, 2012.  28 U.S.C. § 1920(6) provides for the "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this title."  The plaintiff argues that §1920(6) allows the award of costs for live interpreters, but not translation services (DE# 145 at 6-7, 10/16/2012).  This interpretation is in accord with the text of the statute, as the list of fees under §1920(6) includes translation by live individuals (experts and interpreters), and not services performed by a private company to translate documents.

Both parties acknowledge that the Eleventh Circuit has not addressed the issue of whether the costs for the translation of documents is taxable under 28 U.S.C. § 1920(6) and that a split in the authority exists amongst the circuits that have ruled on the matter.  In addition, the Florida district courts that have ruled on the matter are split as well, although the plaintiffs cite only to cases in which translation fees were disallowed.  In the instant matter, the undersigned notes that even if the defendant is not entitled to recover these costs under 28 U.S.C. § 1920, the defendant is entitled to these costs under the applicable contract.

In its response, the plaintiff cites to the recent United States Supreme Court case Taniguchi v. Kan Pacific Saipan, Ltd., 132 S.Ct. 1997, 2000 (2012), which states that the "'compensation of interpreters' is limited to the cost of oral translation and does not

8

include the cost of document translation.'"  The plaintiff also challenges the rush and

expedited fees of $1,700.00  incurred by the defendant for the translation of

documents.  In support of its argument, the plaintiff cites to case law in the Southern

District which supports the contention that rush expenses are beyond the scope of 28

U.S.C. § 1920.  The plaintiff again fails to properly object to the defendant's entitlement

to these expenses under the applicable contract, which entitles the defendant to "all

resulting costs and expenses of SCBI...." (DE# 81-1 at 50, 3/30/2012).   While these

costs are not permitted under 28 U.S.C. §1920(6), the undersigned finds that the costs

for translation of documents and their rush delivery are reasonable and recoverable

under the applicable contract.  The undersigned finds that the defendant is entitled to

recover the full amount requested in the sum of <u>$2,765.00</u>.

### D. Document Reproduction and Photocopies

The defendant requests photocopy expenses in the amount of <u>$1,399.10</u>.[3]

Pursuant to 28 U.S.C. § 1920(4), these costs are permitted if the copies were

necessarily obtained for use in the case.  In its response, the plaintiff challenges the

defendant's entitlement to this award because the defendant failed to provide details as

---

[3]Pursuant to an independent review of the defendant's itemized internal billing record, the Court calculated the amount of photocopy costs to be <u>$1,802.85</u>.  In calculating photocopy costs, the Court included all expenses the defendant listed for copying, expenses incurred by GT Imaging, and Iris Data Services.  The defendant included appropriate billing records for both GT Imaging and Iris Data Services in order to demonstrate the purpose and use of these costs over the course of litigation.  For example, the invoice from Iris Data Services - Finance Department lists the items purchased by the defendant, including labels, tabs, and master CD (DE# 138-2 at 8, 8/20/2012).  While these expenses are disallowed under 28 U.S.C. § 1920, the undersigned finds the defendant is entitled to recover for such costs under the applicable contract.

to the nature, purpose or intent of the reproductions (DE# 145, 10/16/2012).  The plaintiff also contends that the defendant should not recover costs for binding, tabs, notebooks and labeling because such costs are not taxable under 28 U.S.C. § 1920 (DE# 145, 10/16/2012).

The plaintiff argues that the defendant "completely failed" to provide any case law that demonstrates it is entitled to these non-taxable expenses.  However, the defendant need not explicitly support its entitlement to these non-taxable expenses under 28 U.S.C. § 1920 because the defendant is entitled to these costs pursuant to the applicable contract.  The defendant responded to the plaintiff's objection and states that the photocopies were made on either May 25 or May 29, 2012 at $0.15 per copy (DE# 150 at 3, 11/02/2012).  The defendant further explains that the photocopies were made and used at trial as either exhibits or copies furnished for the Court and opposing counsel.

The undersigned agrees with the defendant that the defendant need not specifically explain the use of each copy in order to recover this expense.  Although the defendant lists $1,399.10 in the Bill of Costs as "costs of making copies of any materials where the copies are necessarily obtained for use in the case," the copy costs listed in the motion itemized records submitted by the defendant total $1,802.85.  Because the defendant seeks an award of $1,399.10 in the Bill of Costs, an amount lower than the Court's calculations, the undersigned finds that the defendant is entitled to recover photocopy expenses in the sum of  $1,399.10.

### E. Expert Witness Fees

The defendant requests $13,805.00 for costs associated with experts.  The

10

defendant's internal billing report in the defendant's Motion for Attorneys' Fees and

Costs submitted in support of its costs reflects three separate items for "[v]endor"

"Morrison, Brown, Argiz & Farra, LLP" (DE# 153-1 at 12-13, 11/15/2012).  For the first

listing of this cost, the defendant provides a description of the vendor as "expert retainer

fee," the second and third listings describe the vendor as "[l]itigation Support Services."

It is presumed that these listed items for Morrison, Argiz & Farra, LLP also relate to

expert witness fees.  While the plaintiff objects generally to the defendant's recovery for

"costs such as...expert fees" under 28 U.S.C. § 1920 (DE# 156 at 7, 12/17/2012), these

fees are recoverable under the applicable contract.  The undersigned awards the

defendant $13,805.00 for these costs.

 F. Travel Expense for Defense Counsel

  The defendant seeks travel expense reimbursement for parking and tolls in the

amount of $58.00.  Although there is no mention of such expenses under 28 U.S.C. §

1920 and are generally not permissible, the undersigned finds that these costs are

permissible under the applicable contract. The defendant further seeks reimbursement

for business meals in the amount of $117.31 for meeting with experts. These are also

permitted under the applicable contract.  Accordingly, the undersigned awards the

defendant reimbursement for all travel expenses and business meals pursuant to the

contract in the total amount of $175.31.

 G. Subpoena Fees

  The defendant requests $575.85 for subpoenas and private courier services.

Private process server fees may be taxed.  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600,

623 (11th Cir. 2000).  The plaintiff does not object to any fees submitted by the

defendant for the service of summons and subpoenas.  These costs are permitted under 28 U.S.C. § 1920 and are recoverable under the applicable contract between the parties.  The undersigned awards the defendant these costs in the amount <u>$575.85</u>.

H.  Postage, Computerized Research, Long Distance Phone Calls, and Federal Express Charges

The defendant requests a total of <u>$9,180.01</u> for postage, computerized research, long distance phone calls and Federal Express.  This Court has held that a party may not recover costs for express mail, facsimile transmissions, travel expenses and expert witness fees under 28 U.S.C. § 1920.  <u>See</u> <u>Tang How v. Edward J. Gerrits, Inc.</u>, 756 F.Supp. 1540, 1545-46 (S.D. Fla. 1991).  The Eleventh Circuit has held that "general copying, computerized legal research, postage [and] courthouse parking fees . . . are clearly not recoverable" under 28 U.S.C. § 1920.  <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1399 (11th Cir. 1996).  Reimbursement for costs associated with postage, computerized research, long distance phone calls, and federal express, are not expressly permitted under 28 U.S.C. 1920, and generally should not be awarded for a request for costs under 28 U.S.C. 1920.  However, pursuant to the applicable contract, in this case, the undersigned finds that the defendant is entitled to recover the costs associated with postage, computerized research (Westlaw, Lexis, and Pacer research), long distance phone calls, and Federal Express.

The undersigned finds that the defendant is entitled to an award in the sum of $5.02 for postage costs incurred by the defendant.  The defendant also submits an expense in the amount of $7.22 for "[vendor]" Carl A. Fornaris from April 25, 2011; the defendant's billing records indicate this expense was incurred by Mr. Fornaris for a

12

telephone call (DE# 138-4 at 3, 8/20/2012).  With respect to computerized research, the defendant seeks $9,167.77 for its costs associated with computerized Westlaw, Lexis and Pacer research ($9,008.02 for Westaw and $159.75 for Lexis and Pacer Research).  In the response, the plaintiff argues that the defendant is not entitled to those "costs [that the defendant] routinely and ordinarily billed to clients like SCBI, such as transcript fees, court filing fees, Westlaw, photocopying, printing and binding, shipping and couriers, and travel expenses" (DE# 156, 12/17/2012).  Although the plaintiff objects to the inclusion of this cost in an award of costs, the plaintiff does not cite to any relevant case law that suggests the defendant is not entitled to such costs pursuant to the applicable contract.  The plaintiff relies solely upon 28 U.S.C. § 1920 in support its argument that these expenses are not permitted. The undersigned disagrees and finds that the defendant is entitled to these expense pursuant to the applicable contract.  The undersigned awards the defendant costs of $9,180.01 for the costs of postage, computerized research, long distance phone calls and Federal Express.

### I. Other Expenses

The undersigned finds that the defendant may not recover costs associated with items for which the defendant did not provide adequate documentation.  The defendant is entitled to recover all reasonable costs pursuant to the applicable contract, but this Court may disallow costs for which no supporting documentation is provided.  The defendant's internal billing record lists the following costs without providing adequate documentation: (1) an expense in the amount of $350.00 from "[vendor]" "CitiBusiness Card" charged by David E. Hirsch on 8/17/2010; (2) an expense in the amount of

13

$2,780.60 for Deiter Stephens & Durham for "[p]rofessional services Through February 2012" on 2/19/2012; (3) an expense in the amount of $7,950.00 for "Whitecap Consulting Group, LLC" on 5/29/2012; and (4) an expense in the amount of $172.50 for American Express relating to a transaction made through "AICPA Betty Davis" (DE# 153-1 at 12-14 (11/15/2012).  While the undersigned does find that the defendant is entitled to all reasonable costs recoverable under the statute and the applicable contract, the defendant is not entitled to receive reimbursement for costs inadequately documented in the Bill of Costs and the Motion for Attorneys' Fees and Costs. Because the defendant failed to provide adequate documentation for the costs listed in this section, the amount of costs should be reduced by $11,253.10.

In sum, the defendant's costs request should be reduced by $11,965.40.  In accordance with the forgoing, the undersigned awards the defendant costs in the amount of ***$32,756.39***.

## II.  Attorney's Fees

### A. Entitlement to Attorney's Fees

On October 1, 2012, this Court granted the Defendant's Motion to Determine Entitlement to Attorneys' Fees and Costs (DE# 144, 10/1/12) and directed the defendant to file its motion for fees and costs within 20 days. The defendant is entitled to receive reasonable attorneys' fees in this matter.

### B. Amount of Fee Award

Having determined that the defendant is entitled to an award of attorney's fees incurred in connection with the defense of this lawsuit, the undersigned next addresses

the appropriate amount of that fee award.  The lodestar method governs the process for determining attorneys' fees.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).   In calculating the loadstar, the court must first consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Henesley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Loranger v. Steirheim, 10 F.3d 766 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum that is the lodestar figure. Furthermore, a lodestar figure that is "based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable."  RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993). Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544 (1984).

1. Reasonable Hourly Rate

The Court must first evaluate defendant's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community to similar services.  See Norman, 836 F.2d 1292, 1299.  The Supreme Court has held that a reasonable hourly rate is to be measured by "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger, 10 F.3d 776, 781.  In determining the prevailing market rates, the Court should consider several factors including "the attorney's customary fee, the skill

required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996), citing, Dillary v. City of Elba, 863 F.Supp. 1550, 1552 (M.D. Ala. 1993). The defendant seeks an award of attorneys' fees for the services provided by their attorneys from Greenberg Traurig, P.A. ("Greenberg"). In the motion, the defendant requests reimbursement in the amount of $348,022.75 for attorneys' fees for the work performed by Greenberg's litigation team. The plaintiff objects to the hourly rates requested by the following: Greenberg's partners Ricardo A. Gonzalez, and Carl Fornaris; Greenberg's associates Jonathan J. Rodriguez, Vanessa P. Kuljis, Eva M. Spahn and Jason P. Sternberg; and Greenberg's paralegals Robert Rivera, Adria Harrison, King T. Lo, Dania Vasquez, and Farah Marne.

The defendant requests an hourly rate of $475.00 for attorney Ricardo A Gonzalez, $610.00 for attorney Carl Fornaris,[4] $285.00 for attorneys Jonathon J. Rodriguez and Vanessa P. Kulhis, $290.00 for attorney Eva M. Spahn, $305.00 for attorney Jason P. Sternberg, $215.00 for "senior" paralegal Robert Rivera, $230.00 for "senior" paralegal Adria Harrison, $125.00 for "junior" paralegal King T. Lo, $155.00 for paralegal "juinor" Dania Vasquez, and $215.00 for "senior" paralegal Farah Marne. In support of these requests, the defendant submitted (1) the affidavit of Greenberg's

---

[4]Based on the documentation provided by Greenberg, the only hourly rates that increased over the course of the lawsuit were those of Mr. Fornaris ($550.00 in 2010, then $610.00 in 2011-2012) and Mr. Gonzalez ($380.00 in 2010, then $475.00 in 2012-2012). (DE 153 - 1 at 6, 11/15/2012).

partner Ricardo A. Gonzalez; (2) an article published in the Daily Business Review, titled "Special Report, Lawyer Compensation Survey, The $925.00 Man," dated October 8, 2012; and (3) recent caselaw from the Southern and Middle Districts of Florida.

In its response, the plaintiff contends that the defendant failed to provide sufficient evidence in support of the hourly rates for Greenberg's partners and associate attorneys in relation to those rates in the community for similar services by lawyers of comparable experience, skill, and reputation (DE# 156 at 3, 12/17/2012). Specifically, the plaintiff claims that as an attorney with 12 years of experience, Ricardo A. Gonzalez requests a rate that is awarded to attorneys with twice his experience.  Id.  Additionally, the plaintiff requests that the Court decrease the hourly rate requested for Greenberg's "senior" and "junior" paralegals to $100.00 per hour. Id. at 4.

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal service provided and the prevailing market rate for such work.  Norman, 836, F.2d at 1299.  Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem expanded.  Norman, 836 F.2d at 1303 citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868 (5th Cir. 1976).

Having considered and weighed the evidence, counsels' reputation and experience in the areas of the applicable law and the Court's familiarly with attorneys and related fees in the Southern District of Florida, the undersigned finds that the current hourly rates requested by the defendant are excessive, with the exception of the $100.00 hourly rate for litigation support analyst Charles M. Gantz.

The Court must consider the customary hourly fees charged in this community

17

for similar services.  See Norman, 836 F.2d at 1299.  Accordingly, for Greenberg's partners, the undersigned finds that an hourly rate of $500.00 per hour is appropriate for Mr. Fornaris and an hourly rate of $350.00 per hour is appropriate for Mr. Gonzalez, both of which are reasonable rates of compensation for attorneys with similar credentials to Mr. Fornaris and Mr. Gonzalez practicing in the Southern District of Florida.  The undersigned further finds that an hourly rate of $250.00 per hour is appropriate for Greenberg's associates: Mr. Rodriguez, Ms. Kuljis, Ms. Spahn, and Mr. Sternberg.  The undersigned finds that an hourly rate of $125.00 per hour is appropriate for Greenberg's senior paralegals: Mr. Rivera, Ms. Harrison, and Ms. Marne.  The undersigned finds that an hourly rate of $100.00 per hour is appropriate for Greenberg's junior paralegals: Mr. Lo and Ms. Vasquez.  The undersigned finds that $100.00 is a reasonable rate to award for the time incurred by Ms. Agno, and finds that $100.00 is a reasonable rate to award for the time incurred by Mr. Gantz.

Based on the hourly rate reductions, the undersigned finds the following fees are the maximum fees that could be awarded:

| Timekeeper | Hourly Rate | Total Fee Award |
| --- | --- | --- |
| Mr. Fornaris | 10.60 hours at $500/hour | $   5,300.00 |
| Mr. Gonzalez | 461.20 hours at $350/hour | $161,420.00 |
| Mr. Rodriguez | 458.50 hours at $250/hour | $114,625.00 |
| Ms. Kuljis | 59.90 hours at $250/hour | $  14,975.00 |
| Ms. Spahn | 2.40 hours at $250/hour | $      600.00 |
| Mr. Sternberg | 9.30 hours at $250/hour | $   2,325.00 |
| Mr. Rivera | 30.40 hours at $125/hour | $   3,800.00 |

| Ms. Harrison | 11.50 hours at $125/hour | $    1,437.50 |
|---|---|---|
| Ms. Marne | 6.60 hours at $125/hour | $       825.00 |
| Mr. Lo | 12.50 hours at $100/hour | $    1,250.00 |
| Ms. Vasquez | 1.70 hours at $100/hour | $       170.00 |
| Mr. Gantz | 0.20 hours at $100/hour | $         20.00 |
| Ms. Ango | 1.20 hours at $100/hour | $       120.00 |
| Totals: | 1,066 hours | **$    306,867.50** |

These new hourly rates equal a reduction of $41,155.25 from the requested fee amount.  Before any of the other reductions outlined below, based on the hourly rate reductions for the partners, associates, paralegals and other members of defense counsel's litigation team outlined above, the "requested" fee amount in this matter is reduced from $348,022.75 to **$306,867.50.**

### 2. Hours Reasonably Expended

The Court must next evaluate the reasonableness of the hours expended by the defendant's counsel in terms of the total hours expended.  A fee applicant must provide specific and detailed evidence to establish that the time for which compensation is sought was reasonably expended on the litigation.  ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  In the instant case, the defendant's motion requests reimbursement for a total of 1,066 hours.  The defendant supports its fee request by submitting itemized bills, fee spreadsheets and various affidavits.  The plaintiff seeks to reduce the amount of requested attorneys fees.  Based on the hourly rates of each member of the litigation team and number of hours expended, the defendant's bill for attorneys' fees reflects an amount of $386, 226.00 (DE# 153-1 at 11, 11/15/2012).  It is

19

clear that the defendant applied an internal reduction process for this bill because the defendant is only seeking attorneys' fees in the amount of $348,022.75[5].

The plaintiff argues the number of hours expended by the defendant's six attorneys (1,001.9 hours) is excessive and should be reduced given the claims asserted and Greenberg's expansive litigation team (DE# 156 at 5, 12/17/2012). The plaintiff, however, fails to request an appropriate reduction for the number of hours submitted by the defendant.  The defendant seeks a total of 1,066 hours, of which 1,001.9 hours of work were performed by six attorneys.  The defendant also seeks 64.1 hours for work performed by paralegals and other members of the defendant's litigation team.  After the hourly rate reduction discussed above, the requested amount is reduced to $306,867.50 and as described below, is further subject to a 20% reduction.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  See Norman, 836 F.2d 1292, 1301-02 (11th Cir. 1988).  It is important to keep accurate and current records of work done and time spent on a case, especially when a third party, i.e., someone other than the client, may pay the bills.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded.  Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F.Supp. 716, 721 (S.D.N.Y 1994) ("where adequate contemporaneous records have not been kept, the court should not award

---

[5]The spreadsheet for attorneys' fees provided by the defendant reflects the sum of $348,022.75 as the "[a]mount inclusive of discount."

the full amount requested").  Furthermore, the Eleventh Circuit recognizes that:

> [r]edundant hours generally occur where more than one attorney
> represents a client.  There is nothing inherently unreasonable about a client
> having multiple attorneys, and they may be compensated if they are not
> unreasonably doing the same work and are being compensated for the distinct
> contribution of each lawyer.

Norman v. Housing Authority, 836 F.2d 1292, 1301-1302 (11th Cir. 1988) (citing

Johnson v. University College of University of Alabama in Birmingham, 706 F.2d 1205,

1208 (11th Cir.), cert. denied, 464 U.S. 994 (1983)).  Thus, to recover time for multiple

attorneys, the fee applicant bears the burden of showing that the time spent by those

attorneys reflects the distinct contribution of each lawyer to the case and the customary

multiple-lawyer litigation.  ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999).

Because the fees requested are voluminous in the case at bar, this Court is not

required to engage in an hour-by-hour analysis.  Loranger v. Stierheim, 10 F.3d 776,

783 (11th Cir. 1994); Trujillo v. Banco Central del Ecuador, 229 F. Supp. 1369, 1375

(S.D. Fla. 2002); cf. Norman, 836 F.2d at 1301.  "[i]t is sufficient for the court to provide

a concise but clear explanation of its reasons for the reduction."  Loranger, 10 F.3d at

783.  The rule in Loranger differs rom the rule articulated in Norman.  Trujillo, 229 F.

Supp. at 1375.  "The easier decision in Norman requires the district court to specifically

identify any disallowed, non-compensable hours, and to further explain why the hours

are being disallowed." Id. (citing Norman, 836 F.2d at 1304).

In the instant matter, after reviewing the defendant's submitted hours, the

undersigned finds that some of the hours of the various partner attorneys, associate

attorneys, and paralegals are periodically duplicative.  Accordingly, reductions in the

amount of requested fees are warranted because there are tasks performed by more

21

than one attorney. There is excessive billing by timekeepers and excessive time spent

on tasks such as preparation for motions and research, and there is block billing.  With

respect to the work performed by the defendant's paralegals, the undersigned finds that

the 64.1 hours requested by the defendant include some duplicative work performed by

reviewing attorneys as well.  By way of example to demonstrate block billing, one entry

for junior paralegal King T. Lo on 6/12/2012 states "[t]rial preparation. Continuation of

preparing binders of documents relating to Jennifer Sierra and Claudia Espriella.

Creating indices of all documents binders and documents" (DE# 153-1 at 9,

11/15/2012).  Furthermore, some of the hours are clerical in nature and are therefore

not subject to reimbursement in their entirety. See For Play Limited v. Bow to Stern

Maintenance, Inc., 2006 WL 36623339, *7 (S.D.Fla. Nov. 6, 2006) (King, J.) (it is within

the court's discretion to deny compensation for "paralegals performing clerical functions

such as organizing files, copying documents, checking the docket, updating files,

checking court dates and delivering papers").  In addition, there are several instances

where Mr. Gonzalez, along with other members of the litigation team, bill for the same

tasks performed on the same day (DE #153-1 at 6-14, 11/15/2012).  The undersigned

finds that an overall reduction for the number of attorneys' fees is warranted.

For the reasons outlined above, the undersigned finds that a reduction of 20%

for the amount of attorney fees requested by the defendant is appropriate.  As

discussed above, based on the reduction of hourly rates for the defendant's partners

and associates in this matter, the undersigned finds that the requested amount of fees

for the total 1,066 hours spent should be reduced from $348,022.75 to $306,867.50.

The $306,867.50 should be reduced by $61,373.50 (20%) to $245,494.00.

The undersigned finds an award of ***$245,494.00***. for the fees requested in the defendant's motion is the appropriate amount of fees to be awarded in this matter.

## **CONCLUSION**

In accordance with the forgoing order, the Defendant's Motion for Attorneys' Fees and Costs Pursuant to Court's October 1, 2012 Order (DE# 153, 11/15/2012) is GRANTED in part and DENIED in part and the defendant is awarded ***$32,756.39*** in costs and ***$245,494.00*** in fees, for a total fee and cost award of ***$278,250.39***.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of March, 2013.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record